IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CRISTOBAL R. GARCIA, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | C.A. NO. C-05-564 |
| | § | |
| BANKAMERICA HOUSING SERVICES, | § | |
| A DIVISION OF BANK OF AMERICA, | § | |
| fsb F/K/A SECURITY PACIFIC HOUSING | § | |
| SERVICES, ET AL., | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT**

Plaintiff Cristobal R. Garcia, proceeding *pro se*, seeks recovery from defendants Bank America Housing Service, Bruce Johnson, Phyllis D. Boldt, and Jennifer P. Burnham, alleging fraud in the procurement of his signature on documents to settle lawsuits pending in state court. The lawsuits, filed in the 79th Judicial District Court in Jim Wells County, Texas, and in the Fifth County Court at Law in Bexar County, Texas, were related to the alleged sale of a defective mobile home to plaintiff Garcia and the refusal of plaintiff Garcia to make his loan payments (D.E. 1, 8).[1] Pending are plaintiff's motions for entry of default judgment (D.E. 29) and for a hearing on the motion (D.E. 31).

**Applicable Law**

**A. No entry of default**

Prior to obtaining a default judgment under Fed. R. Civ. P. 55(b), there must be an entry of default as provided by Rule 55(a). 10A, WRIGHT, MILLER, & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL , § 2682 (3d ed. 1998); *see also U.S. v. $23,000 in U.S. Currency*, 356 F.3d 157, 168 n. 15 (1st Cir. 2004); *Franco v. Selective Ins. Co.,* 184 F.3d 4, 8 (1st Cir. 1999) ("[i]n federal court,

---

[1] A memorandum and recommendation to dismiss this lawsuit is pending (D.E. 20).

entry of default is a step prior to entry of judgment of default. . ."). Plaintiff has never sought or requested entry of default. Plaintiff's motion for default judgment is premature, and should be denied.

### B.     Request for entry of default

Because plaintiff is proceeding *pro se* and his complaint and pleadings must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972), plaintiff's motion will also be treated as a request for entry of default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend a lawsuit in federal court and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default. FED. R. CIV. P. 55(a).

Defendants BankAmerica Housing Services, Attorney Bruce Johnson, and Phyllis D. Boldt have filed an answer and motion to dismiss (D.E. 12). Entry of default against these defendants is not appropriate.

Plaintiff also requests entry of default against Jennifer Burnham, who was formerly employed at defendant Johnsons's law firm. The plaintiff is responsible for service of the summons together with a copy of the complaint within the time allowed under subdivision (m) and shall furnish the person effecting service with the necessary copies of the summons and complaint. FED. R. CIV. P. 4(c)(1). Service may be effected upon an individual by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process, or pursuant to the law of the state in which the district court is located or in which service is effected. FED. R. CIV. P. 4(e).

There is no proof of service of the summons and complaint on the defendant Burnham. At most plaintiff has shown that he mailed a copy of the complaint (but no summons) to the law office of Mr.

Johnson. Assuming plaintiff is relying on Texas law which allows service by certified or registered mail, TEX. R. CIV. P. 106(a)(2), the return receipt does not contain the signature of Ms. Burnham; rather the signature line contains the name of "J. Jones". Service is defective unless the return receipt contains the signature of the addressee. *Southwestern Sec. Servs., Inc. v. Gamoa*, 172 S.W.3d 90, 92 (Tex. App.–El Paso 2005, no pet.). According to defendant Johnson, Ms. Burnham has not been employed at his law office since April 2005 (D.E. 32, Aff. Of Bruce Johnson). Entry of default is not appropriate.

## RECOMMENDATION

It is respectfully recommended that plaintiff's motion for entry of default and for default judgment (D.E. 29), and plaintiff's motion for a hearing (D.E. 31) be denied without prejudice.

Respectfully submitted this 26th day of May, 2006.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).